# In the United States District Court
# for the District of Columbia

| | |
|---|---|
| Corado's Services, LLC <br><br>     Plaintiff <br> v. <br><br> Hartford Fire Insurance Company, *et al*. <br><br>     Defendants | Case No. 1:20-cv-03673-RDM |

### Ellisdale Construction, LLC's
### Memorandum in Support of Consent Motion to Intervene

In support of its Consent Motion to Intervene, Ellisdale Construction, LLC ("Ellisdale") states as follows:

## 1. Background

In its complaint, Corado's Services, LLC ("Corado") alleges that it is a sub-subcontractor that has not been fully paid for work performed on four construction projects. This motion to intervene, and Ellisdale's involvement, only relates to two of those projects: the Abrams Hall Senior Apartments project (the "14M Project") and HELP Walter Reed Apartments Building 14S (the "14S Project").

The relationship of various parties on the 14M and 14S Projects are similar, as summarized in the following table:

| Entity | 14M Project | 14S Project |
|---|---|---|
| Owner | Abrams Hall Senior LP | HELP Washington DC LP |
| General Contractor | Ellisdale | Ellisdale |
| General Contractor's Surety | Hartford | Hartford |
| Subcontractor | Smith | Smith |

1

|  |  |  |
|---|---|---|
| Subcontractor's surety | Ohio Casualty | Ohio Casualty[1] |
| Sub-Subcontractor | Corado | Corado |

**The 14M Project**

Abrams Hall Senior LP, as owner, and Ellisdale, as contractor, entered into a general contract (the "14M General Contract") for the construction of a project commonly known as Abrams Hall Senior Apartments (the "14M Project") in Washington, DC. In connection with the 14M General Contract, Ellisdale, as principal, and Hartford Fire Insurance Company ("Hartford"), as surety, issued a payment bond (the "Ellisdale's 14M Bond"). Under Ellisdale's 14M Bond, Hartford and Ellisdale are jointly and severally liable.

In connection with the 14M Project, Ellisdale, as contractor, and Smith & Sons, LLC ("Smith"), as subcontractor, entered into a subcontract (the "Smith's 14M Subcontract"), under which Smith promised to perform certain work for the 14M Project.

Ellisdale alleges that it has paid Smith all sums due under Smith's 14M Subcontract and that Smith failed to complete its work under Smith's 14M Subcontract, forcing Ellisdale to complete the work and to incur costs of at least $70,000, for which Smith is responsible.

In connection with and as required by Smith's 14M Subcontract, Smith, as principal, and The Ohio Casualty Insurance Company ("Ohio Casualty"), as surety, issued a payment bond ("Smith's 14M Bond"). Ellisdale is the obligee under Smith's 14M Bond. Under Smith's 14M Bond, Ohio Casualty promised to pay Smith's subcontractors on the 14M Project sums that Smith failed to pay the subcontractors.

---

[1] Corado alleges that, in connection with the 14S Project, Smith & Sons, LLC, as principal, and The Ohio Casualty Insurance Company, as surety, issued a payment bond. Ellisdale makes no such allegation in connection with the 14S Project.

Corado alleges in its Complaint in this action that it is a sub-subcontractor to Smith on the 14M Project, it performed work on the 14M Project, Smith owes it $64,472.32 for Corado's work on the 14M Project, Corado is a proper claimant under Smith's 14M Bond, and, as set out in Count 4 of the Complaint, under Smith's 14M Bond, Ohio Casualty owes Corado the principal sum of $64,472.32. In Count 2 of Corado's Complaint, Corado asserts a claim for the principal sum of $64,472.32 against Hartford based on Ellisdale's 14M Bond.

Ellisdale alleges that, to the extent that Smith has failed to pay Corado all sums due for Corado's work on the 14M Project, such nonpayment is the sole fault of Smith, not Ellisdale.

**The 14S Project**

HELP Washington DC LP, as owner, and Ellisdale, as contractor, entered into a general contract (the "14S General Contract") for the construction of the 14S Project. In connection with the 14S General Contract, Ellisdale, as principal, and Hartford, as surety, issued a payment bond (the "Ellisdale's 14S Bond"). Under Ellisdale's 14S Bond, Hartford and Ellisdale are jointly and severally liable.

In connection with the 14S Project, Ellisdale, as contractor, and Smith, as subcontractor, entered into a subcontract (the "Smith's 14S Subcontract"), under which Smith promised to perform certain work for the 14S Project.

Ellisdale alleges that it has paid Smith all sums due under Smith's 14S Subcontract and that Smith failed to complete its work under Smith's 14SM Subcontract, forcing Ellisdale to complete the work and to incur costs of at least $4,000, for which Smith is responsible.

Corado alleges in its Complaint in this action that it is a sub-subcontractor to Smith on the 14S Project, it performed work on the 14S Project, Smith owes it $35,934.80 for Corado's work on the 14S Project, Corado is a proper claimant under a bond allegedly issued by Smith, as principal, and Ohio Casualty, as principal (the "Smith's 14S Bond"),

and, and, as set out in Count 3 of the Complaint, under Smith's 14S Bond, Ohio Casualty owes Corado the principal sum of $35,934.80. In Count 1 of Corado's Complaint, Corado asserts a claim for the principal sum of $35,934.80 against Hartford based on Ellisdale's 14S Bond.

Ellisdale alleges that, to the extent that Smith has failed to pay Corado all sums due for Corado's work on the 14S Project, such nonpayment is the sole fault of Smith, not Ellisdale.

**2.  Ellisdale's Pleadings**

Ellisdale seeks to intervene as a defendant in this matter and asks the Court to deem its answer to Corado's complaint and cross-claim against Ohio Casualty, in the form of Exhibit A to the motion, as filed as of the date the Court enters an order granting this motion. For full disclosure, Ellisdale advises the Court and the other parties that, if this motion is granted, it intends to file a third-party complaint against Smith, in the form of Exhibit B to the motion.[2]

**3.  Argument**

Ellisdale is entitled to intervene as a matter of right and, regardless, Ellisdale satisfies the requirements for permissive intervention.

**A.  Intervention of Right**

Rule 24(a) governs requests intervene as of right in federal court and provides as follows:

> (a) On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> >
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action

---

[2] Under Fed. R. Civ. P. 14(a)(1), Ellisdale, without leave of the Court, may file a third-party complaint within 14 days after Ellisdale's answer is deemed filed.

>may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The United States Court of Appeals for the District of Columbia has described the "four elements of Rule 24" as "timeliness, interest, impairment of interest, and adequacy of representation."[3] The Third Circuit further described these elements as follows:

>(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.[4]

First, Ellisdale's motion is timely, as the parties just participated in the Initial Scheduling Conference on August 23, 2021, have not exchanged initial disclosures, no party has responded to discovery, and discovery does not close until July 1, 2022.

Second, Ellisdale, as the principal under Ellisdale's 14M and 14S Bonds, has a substantial interest in this matter because, if a judgment is entered against Hartford, Hartford may seek indemnification against Ellisdale under the terms of the Hartford-Ellisdale indemnity agreement.

Third, Ellisdale's interest in this litigation may be affected or impaired, as a practical matter, by the disposition of this action because, if Ellisdale is not allowed to intervene, and if judgment is entered against Hartford, Ellisdale may be required to indemnify Hartford without being able to defend its from ultimate liability or assert its claims in this litigation.

Fourth, Ellisdale's interest is not, and cannot be, adequately represented by Hartford in this litigation. As described below, and in Ellisdale's anticipated third-party complaint, Ellisdale is asserting claims against Smith for breach of the 14M Payment Bond, breach of the 14M Subcontract, and breach of the 14S Subcontract, which claims are not, and

---

[3] *Jones v. Prince George's County, Maryland*, 348 F.3d 1014, 1017 (D.C. Cir. 2003).
[4] *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)).

cannot be, asserted by Hartford in this litigation. The Supreme Court has explained that "the requirement of [Rule 24(a)(2)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."[5] Given the additional claims Ellisdale plans to assert in this litigation, and under the minimal-burden standard, the Court should find that Ellisdale's interests may be inadequately represented by Hartford in this litigation and grant Ellisdale's motion to intervene as right.

B.  **Permissive Intervention**

Even if the Court were to find that Ellisdale does not satisfy the elements to intervene as of right under Rule 24(a)(2), the Court should grant Ellisdale permissive intervention under Rule 24(b).

Under Rule 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(3) further states that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, Ellisdale's claims and defenses unquestionably share common questions of law and fact with the main action, including the following: (1) whether Corado entered into sub-subcontracts with Smith, (2) the terms of any subcontracts between Corado and Smith; (3) whether Corado performed its duites under its alleged sub-subcontracts; (4) the amounts, if any, that Smith owes Corado under the alleged sub-subcontracts, (5) whether Smith breached the 14M Payment Bond by failing to pay Corado and indemnify Ellisdale, and (6) whether Smith breached the 14M and 14S Subcontracts by failing to complete its work, by failing to pay Corado, and by failing to defend and indemnify Ellisdale.

---

[5] *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 (1972) (citation omitted).

Ellisdale has filed this motion sufficiently early in this litigation, long before discovery closes, and Ellisdale's intervention will not prejudice the rights of any other parties. And allowing Ellisdale to intervene promotes judicial economy, as Ellisdale would not be required to file a separate action, which would run the risk of inconsistent results.

**4.  Conclusion**

The Court should find that Ellisdale may intervene as a matter of right under Rule 24(a) because Ellisdale's application for intervention is timely, Ellisdale has a sufficient interest in the litigation, Ellisdale's interest may be affected or impaired as a practical matter by the disposition of the action, and Ellisdale's interest is not adequately represented by an existing party in the litigation.

Even if the Court finds that Ellisdale may not intervene as a matter of right, the Court should permit Ellisdale to intervene under Rule 24(b) because Ellisdale's motion is timely, Ellisdale's claims and defenses share common questions of law and fact with the main action, and Ellisdale's intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

Wherefore, Ellisdale respectfully asks the Court to grant its Consent Motion to Intervene as a defendant in this matter and deem Ellisdale's answer to Corado's Services, LLC's complaint and cross-claim against The Ohio Casualty Insurance Company, in the form of Exhibit A to the motion, as having been filed and served on the date the Court enters its order granting this motion.

Respectfully submitted,
**Ellisdale Construction, LLC**
By Counsel

/s/ Daniel K. Felsen
Daniel K. Felsen (USDC Bar No. 438553)
Carlton Fields, P.A.
1025 Thomas Jefferson Street NW
Suite 400 West
Washington, DC 20007-5208
202-965-8100
202-965-8104 (fax)
dfelsen@carltonfields.com

## Certificate of Service

I certify that a true and correct copy of the foregoing document was served via the Court's CM/ECF electronic filing system, this 16th day of September 2021, on the following:

Joseph L. Katz
6701 Democracy Boulevard, Suite 300
Bethesda, Maryland 20817
joe@joekatzlaw.com

Lauren P. McLaughlin
SMITH, CURRIE & HANCOCK LLP
1950 Old Gallows Road, Suite 750
Tysons, Virginia 22182
lpmclaughlin@smithcurrie.com

/s/ Daniel K. Felsen
Daniel K. Felsen