# In the United States District Court
# for the District of Columbia

| | |
|---|---|
| Corado's Services, LLC<br><br>    Plaintiff<br>v.<br><br>Hartford Fire Insurance Company, *et al*.<br><br>    Defendants | Case No. 1:20-cv-03673-RDM |
| Ellisdale Construction, LLC<br>106 Harrison Street SE<br>Suite 300<br>Leesburg, Virginia 20175<br><br>    Third-Party Plaintiff<br>v.<br><br>Smith & Sons, LLC<br>1801 Clydesdale Place, NW<br>Suite 710<br>Washington, DC 20009<br><br>    Serve:  Michael A. Smith, Registered Agent<br>                1801 Clydesdale Place, NW<br>                Suite 710<br>                Washington, DC 20009<br><br>    Third-Party Defendant | |

# Ellisdale Construction, LLC's
# Third-Party Complaint against Smith & Sons, LLC

For Ellisdale Construction, LLC's ("Ellisdale's") Third-Party Complaint against Smith & Sons, LLC ("Smith"), Ellisdale states as follows:

1

**Parties**

1. Ellisdale is a Maryland limited-liability company, with an office address of 106 Harrison Street SE, Suite 300, Leesburg, Virginia 20175. Kevin Ash and Richard Ward are the sole members of Ellisdale. Mr. Ash is a citizen of Virginia, and Mr. Ward is a citizen of Utah.

2. Upon information and belief, Smith is a limited-liability company organized and existing under the laws of the District of Columbia, with its principal place of business located at 1801 Clydesdale Place, NW, Suite 710, Washington, DC 20009. Upon further information and belief, Michael A. Smith is the sole member of Smith, and, upon information and belief, Mr. Smith is a citizen of Washington, DC, with a home address of 1801 Clydesdale Place, NW, Suite 710, Washington, DC 20009.

**Jurisdiction**

3. The Court has subject-matter jurisdiction over Ellisdale's claim under 28 U.S.C. § 1332, providing for diversity-of-citizenship jurisdiction, as Ellisdale and Smith are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. The Court has personal jurisdiction over Smith, which is a limited-liability company organized and existing under the laws of the District of Columbia, with its principal place of business located at 1801 Clydesdale Place, NW, Suite 710, Washington, DC 20009.

5. Venue is proper in the Court, as the underlying construction projects at issue are located in the District of Columbia and the subcontracts at issue provide that litigation may be brought in this Court.

**Background**

**The 14M Project**

6. Abrams Hall Senior LP, as owner, and Ellisdale, as contractor, entered into a general contract (the "14M General Contract") for the construction of a project

commonly known as Abrams Hall Senior Apartments ("14M Project") in Washington, DC.

7. In connection with the 14M General Contract, Ellisdale, as principal, and Hartford Fire Insurance Company ("Hartford"), as surety, issued a payment bond ("Ellisdale's 14M Bond"), a copy of which is attached as Exhibit 1.

8. Under Ellisdale's 14M Bond, Hartford and Ellisdale are jointly and severally liable.

9. In connection with the 14M Project, Ellisdale, as contractor, and Smith, as subcontractor, entered into a subcontract ("Smith's 14M Subcontract"), under which Smith promised to perform certain work for the 14M Project. A copy of Smith's 14M Subcontract is attached as Exhibit 2.

10. Ellisdale has paid Smith all sums due under Smith's 14M Subcontract.

11. Smith failed to complete its work under Smith's 14M Subcontract, forcing Ellisdale to complete the work and to incur costs of at least $70,000, for which Smith is responsible.

12. In connection with and as required by Smith's 14M Subcontract, Smith, as principal, and The Ohio Casualty Insurance Company ("Ohio Casualty"), as surety, issued a payment bond ("Smith's 14M Bond"), a copy of which is attached as Exhibit 3.

13. Ellisdale is the obligee under Smith's 14M Bond, which identifies Ellisdale as the "Owner," for purposes of Smith's 14M Bond.

14. Smith's 14M Bond provides, in part, as follows:

> § 1 The Contractor [Smith] and Surety [Ohio Casualty], jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner [Ellidale] to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract [Smith's 14M Subcontract], which is incorporated herein by reference, subject to the following terms.
>
> § 2 If the Contractor [Smith] promptly makes payment of all sums due to Claimants, and defends, indemnifies and holds harmless the Owner

> [Ellisdale] from claims, demands, liens or suits by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, then the Surety [Ohio Casualty] and the Contractor [Smith] shall have no obligation under this Bond.
>
> § 3 If there is no Owner Default under the Construction Contract, the Surety's [Ohio Casualty's] obligation to the Owner under this Bond shall arise after the Owner [Ellisdale] has promptly notified the Contractor [Smith] and the Surety [Ohio Casualty] (at the address described in Section 13) of claims, demands, liens or suits against the Owner [Ellisdale's] or the Owner's [Ellisdale's] property by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract and tendered defense of such claims, demands, liens or suits to the Contractor [Smith] and the Surety [Ohio Casualty].

15. Under Smith's 14M Bond, Ohio Casualty promised to pay Smith's subcontractors on the 14M Project sums that Smith failed to pay the subcontractors.

16. Corado's Services, LLC ("Corado") alleges in its Complaint in this action that it is a sub-subcontractor to Smith on the 14M Project, it performed work on the 14M Project, Smith owes it $64,472.32 for Corado's work on the 14M Project, Corado is a proper claimant under Smith's 14M Bond, and, under Smith's 14M Bond, Ohio Casualty owes Corado the principal sum of $64,472.32.

17. To the extent that Smith has failed to pay Corado all sums due for Corado's work on the 14M Project, such nonpayment is the sole fault of Smith, not Ellisdale.

18. The Court granted Ellisdale's motion to intervene as a defendant.

19. In Count 2 of Corado's Complaint, Corado asserts a claim for the principal sum of $64,472.32 against Hartford based on Ellisdale's 14M Bond.

20. In Count 4 of Corado's Complaint, Corado asserts a claim for the principal sum of $64,472.32 against Ohio Casualty based on Smith's 14M Bond.

21. To the extent that Hartford is liable to Corado under Ellisdale's 14M Bond, Ellisdale must indemnify Hartford for Hartford's losses, and, as such, Corado's claim against Hartford under Ellisdale's 14M Bond is a claim against Ellisdale.

**The 14S Project**

22. HELP Washington DC LP, as owner, and Ellisdale, as contractor, entered into a general contract (the "14S General Contract") for the construction of a project commonly known as HELP Walter Reed Apartments Building 14S (the "14S Project") in Washington, DC.

23. In connection with the 14S General Contract, Ellisdale, as principal, and Hartford, as surety, issued a payment bond ("Ellisdale's 14S Bond"), a copy of which is attached as Exhibit 4.

24. Under Ellisdale's 14S Bond, Hartford and Ellisdale are jointly and severally liable.

25. In connection with the 14S Project, Ellisdale, as contractor, and Smith, as subcontractor, entered into a subcontract ("Smith's 14S Subcontract"), under which Smith promised to perform certain work for the 14S Project. A copy of Smith's 14S Subcontract is attached as Exhibit 5.

26. Ellisdale has paid Smith all sums due under Smith's 14S Subcontract.

27. Smith failed to complete its work under Smith's 14SM Subcontract, forcing Ellisdale to complete the work and to incur costs of at least $4,000, for which Smith is responsible.

28. Corado alleges in its Complaint in this action that it is a sub-subcontractor to Smith on the 14S Project, it performed work on the 14S Project, Smith owes it $35,934.80 for Corado's work on the 14S Project, Corado is a proper claimant under a bond allegedly issued by Smith, as principal, and Ohio Casualty, as surety ("Smith's 14S Bond"), and, under Smith's 14S Bond, Ohio Casualty owes Corado the principal sum of $35,934.80.

29. To the extent that Smith has failed to pay Corado all sums due for Corado's work on the 14S Project, such nonpayment is the sole fault of Smith, not Ellisdale.

30. The Court granted Ellisdale's motion to intervene as a defendant.

31. In Count 1 of Corado's Complaint, Corado asserts a claim for the principal sum of $35,934.80 against Hartford based on Ellisdale's 14S Bond.

32. In Count 3 of Corado's Complaint, Corado asserts a claim for the principal sum of $35,934.80 against Ohio Casualty based on Smith's 14S Bond.

33. To the extent that Hartford is liable to Corado under Ellisdale's 14S Bond, Ellisdale must indemnify Hartford for Hartford's losses, and, as such, Corado's claim against Hartford under Ellisdale's 14S Bond is a claim against Ellisdale.

**Ellisdale and Hartford's June 16, 2021 letter to Smith and Ohio Casualty**

34. By letter dated June 16, 2021, Ellisdale, through its counsel, notified Smith and Ohio Casualty that Corado had filed suit against Hartford and that, in Corado's complaint, Corado claims money due from Smith for Corado's work on the 14M Project, and Ellisdale further stated as follows:

> Ellisdale hereby tenders its defense of such claims, demands, and suit to Smith and Sons and Ohio Casualty and demands that Smith & Sons and Ohio Casualty defend, indemnify, and hold harmless Ellisdale and Hartford against such claims, demands, and suit.

35. A copy of Ellisdale's June 16, 2021 letter is attached as Exhibit 6.

36. In Ellisdale's June 16, 2021 letter, Ellisdale also stated as follows:

> In addition to any prior notices and demands by Ellisdale, this letter serves as Ellisdale's demand upon Smith & Sons, under the parties' subcontracts, for Smith & Sons to indemnify, defend, protect, and hold harmless Ellisdale and Hartford from and against Corado's claims and the costs, expenses (including legal fees and disbursements), damages, and liabilities arising out of or related to Corado's claims.
>
> Further, in accordance with § 9.6 of the parties' subcontracts, Ellisdale demands that Smith & Sons, within five days of receipt of this letter, provide Ellisdale proof that Corado's claims relating to the 14S Project and the 14M Project have been fully satisfied, dismissed, and discharged.

37. Both Ohio Casualty and Smith acknowledged receipt of Ellisdale's June 16, 2021 letter.

## Count 1
## Breach of Smith's 14M Payment Bond

38. Ellisdale incorporates by reference all preceding allegations.

39. Corado alleges that Smith did not pay Corado all sums due for Corado's labor and materials on the 14M Project under a sub-subcontract between Smith and Corado and that Corado's labor and materials were furnished for use in performance of Smith's 14M Subcontract.

40. Under Smith's 14M Bond, Ohio Casualty has the duty to defend, indemnify, and hold harmless Ellisdale and Hartford against Corado's claims, demands, and suit.

41. Ohio Casualty breached its duty under the 14M Bond by failing and refusing to defend, indemnify, and hold harmless Ellisdale and Hartford against Corado's claims, demands, and suit.

42. Smith and Ohio Casualty are jointly and severally liable under Smith's 14M Bond.

43. As a direct and proximate result of Ohio Casualty's breach of its duties under Smith's 14M Bond, Ellisdale has suffered and continues to suffer damages and remains exposed to Corado's claim of $64,472.32, for which damages and exposure Smith and Ohio Casualty are jointly and severally liable.

44. Ellisdale has satisfied all conditions to bringing this action, if any.

Wherefore, Ellisdale respectfully asks the Court to enter judgment against Smith in the amount of any judgment in favor of Corado and against either Hartford or Ellisdale in connection with the 14M Project, plus Ellisdale's and Hartford's attorneys' fees and costs, to the extent such fees and costs are recoverable, plus pre- and post-judgment interest, and Ellisdale requests such further and other relief in its favor as the Court deems proper and just.

## Count 2
## Breach of Smith's 14M Subcontract

45. Ellisdale incorporates by reference all preceding allegations.

46. Under Smith's 14M Subcontract, Smith promised, among other things, the following:

    A. to complete Smith's work,

    B. to pay Smith's sub-subcontractors,

    C. within five days after receipt of a request from Ellisdale, to provide proof that Smith has satisfied the payment claim of any of Smith's sub-subcontractors, and

    D. to indemnify, defend, and hold harmless Ellisdale from any claims by Smith's sub-subcontractors.

47. Smith breached the Smith 14M Subcontract by, among other things, failing

    A. to complete Smith's work,

    B. to pay Smith's sub-subcontractors,

    C. within five days after receipt of a request from Ellisdale, to provide proof that Smith has satisfied the payment claim of any of Smith's sub-subcontractors, and

    D. to indemnify, defend, and hold harmless Ellisdale from any claims by Smith's sub-subcontractors.

48. As a direct and proximate result of Smith's breaches of Smith's 14M Subcontract, Ellisdale has suffered and continues to suffer damages of at least $70,000 and remains exposed to additional damages in the principal amount of $64,472.32.

49. Ellisdale has satisfied all conditions to bringing this action, if any.

Wherefore, Ellisdale respectfully asks the Court to enter judgment against Smith in the amount of at least $70,0000 plus the amount of any judgment in favor of Corado and against either Hartford or Ellisdale in connection with the 14M Project, plus Ellisdale's

and Hartford's attorneys' fees and costs, to the extent such fees and costs are recoverable, plus pre- and post-judgment interest, and Ellisdale requests such further and other relief in its favor as the Court deems proper and just.

## Count 3
## Breach of Smith's 14S Subcontract

50. Ellisdale incorporates by reference all preceding allegations.

51. Under Smith's 14S Subcontract, Smith promised, among other things, the following:

   A. to complete Smith's work,

   B. to pay Smith's sub-subcontractors,

   C. within five days after receipt of a request from Ellisdale, to provide proof that Smith has satisfied the payment claim of any of Smith's sub-subcontractors, and

   D. to indemnify, defend, and hold harmless Ellisdale from any claims by Smith's sub-subcontractors.

52. Smith breached the Smith 14S Subcontract by, among other things, failing

   A. to complete Smith's work,

   B. to pay Smith's sub-subcontractors,

   C. within five days after receipt of a request from Ellisdale, to provide proof that Smith has satisfied the payment claim of any of Smith's sub-subcontractors, and

   D. to indemnify, defend, and hold harmless Ellisdale from any claims by Smith's sub-subcontractors.

53. As a direct and proximate result of Smith's breaches of Smith's 14S Subcontract, Ellisdale has suffered and continues to suffer damages of at least $4,000 and remains exposed to additional damages in the principal amount of $35,934.80.

54. Ellisdale has satisfied all conditions to bringing this action, if any.

Wherefore, Ellisdale respectfully asks the Court to enter judgment against Smith in the amount of at least $4,000 plus the amount of any judgment in favor of Corado and against either Hartford or Ellisdale in connection with the 14S Project, plus Ellisdale's and Hartford's attorneys' fees and costs, to the extent such fees and costs are recoverable, plus pre- and post-judgment interest, and Ellisdale requests such further and other relief in its favor as the Court deems proper and just.

        Respectfully submitted,
        **Ellisdale Construction, LLC**
        By Counsel

        /s/ Daniel K. Felsen
        Daniel K. Felsen (USDC Bar No. 438553)
        Carlton Fields, P.A.
        1025 Thomas Jefferson Street NW
        Suite 400 West
        Washington, DC 20007-5208
        202-965-8100
        202-965-8104 (fax)
        dfelsen@carltonfields.com

## Certificate of Service

I certify that a true and correct copy of the foregoing document was served via the Court's CM/ECF electronic filing system, this 21st day of September 2021, on the following:

Joseph L. Katz
6701 Democracy Boulevard, Suite 300
Bethesda, Maryland 20817
joe@joekatzlaw.com

Lauren P. McLaughlin
SMITH, CURRIE & HANCOCK LLP
1950 Old Gallows Road, Suite 750
Tysons, Virginia 22182
lpmclaughlin@smithcurrie.com

                                            /s/ Daniel K. Felsen
                                            Daniel K. Felsen