**EXHIBIT 4**

Bond No. 30BCSHV0877
'SEE ATTACHED RIDER'

 **AIA** Document A312™ – 2010

## *Payment Bond*

**CONTRACTOR:**
*(Name, legal status and address)*
EllisDale Construction, LLC
106 Harrison Street SE, Suite 300
Leesburg, VA 20175

**SURETY:**
*(Name, legal status and principal place of business)*
Hartford Fire Insurance Company
One Hartford Plaza
Hartford, CT 06155-0001

**OWNER:**
*(Name, legal status and address)*
HELP Washington DC LP c/o H.E.L.P. Development Corp.
115 East 13th Street
New York, NY 10003

**CONSTRUCTION CONTRACT**
Date: 4/24/2018
Amount: $
Description:
*(Name and location)*

**HELP Walter Reed Apartments
Building 14S**
1324 Main Drive, NW
Washington, DC 20012

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**BOND**
Date: 4/24/2018
*(Not earlier than Construction Contract Date)*

Amount: $
Modifications to this Bond: [  ] None   [ X ] See Section 18

| **CONTRACTOR AS PRINCIPAL** | **SURETY** |
|---|---|
| Company:          *(Corporate Seal)* | Company:          *(Corporate Seal)* |
| EllisDale Construction, LLC | Hartford Fire Insurance Company |
| Signature: | Signature: |
| Name and   WARD BELL | Name and   Joshua B. Hauserman |
| Title: VP | Title:   Attorney-in-Fact |

*(Any additional signatures appear on the last page of this Payment Bond.)*

*(FOR INFORMATION ONLY — Name, address and telephone)*

**AGENT or BROKER:**
HMS Insurance Associates, Inc.
20 Wight Avenue, Suite 300
Hunt Valley, MD 21030
(410) 337-9755

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*
Wiencek + Associates + Architects + Planners, DC, LLP
1100 Vermont Avenue, NW, Suite 800
Washington, DC 20005

Init.

/

AIA Document A312™ – 2010 Payment Bond. The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 10:07:45 on 04/30/2015 under Order No.8077485210_1 which expires on 02/28/2016, and is not for resale.
User Notes:                                                                (911701315)

1

**EXHIBIT 4**

§ 1 The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference, subject to the following terms.

§ 2 If the Contractor promptly makes payment of all sums due to Claimants, and defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, then the Surety and the Contractor shall have no obligation under this Bond.

§ 3 If there is no Owner Default under the Construction Contract, the Surety's obligation to the Owner under this Bond shall arise after the Owner has promptly notified the Contractor and the Surety (at the address described in Section 13) of claims, demands, liens or suits against the Owner or the Owner's property by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety.

§ 4 When the Owner has satisfied the conditions in Section 3, the Surety shall promptly and at the Surety's expense defend, indemnify and hold harmless the Owner against a duly tendered claim, demand, lien or suit.

§ 5 The Surety's obligations to a Claimant under this Bond shall arise after the following:

§ 5.1 Claimants, who do not have a direct contract with the Contractor,

    .1   have furnished a written notice of non-payment to the Contractor, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were, or equipment was, furnished or supplied or for whom the labor was done or performed, within ninety (90) days after having last performed labor or last furnished materials or equipment included in the Claim; and

    .2   have sent a Claim to the Surety (at the address described in Section 13).

§ 5.2 Claimants, who are employed by or have a direct contract with the Contractor, have sent a Claim to the Surety (at the address described in Section 13).

§ 6 If a notice of non-payment required by Section 5.1.1 is given by the Owner to the Contractor, that is sufficient to satisfy a Claimant's obligation to furnish a written notice of non-payment under Section 5.1.1.

§ 7 When a Claimant has satisfied the conditions of Sections 5.1 or 5.2, whichever is applicable, the Surety shall promptly and at the Surety's expense take the following actions:

§ 7.1 Send an answer to the Claimant, with a copy to the Owner, within sixty (60) days after receipt of the Claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed; and

§ 7.2 Pay or arrange for payment of any undisputed amounts.

§ 7.3 The Surety's failure to discharge its obligations under Section 7.1 or Section 7.2 shall not be deemed to constitute a waiver of defenses the Surety or Contractor may have or acquire as to a Claim, except as to undisputed amounts for which the Surety and Claimant have reached agreement. If, however, the Surety fails to discharge its obligations under Section 7.1 or Section 7.2, the Surety shall indemnify the Claimant for the reasonable attorney's fees the Claimant incurs thereafter to recover any sums found to be due and owing to the Claimant.

§ 8 The Surety's total obligation shall not exceed the amount of this Bond, plus the amount of reasonable attorney's fees provided under Section 7.3, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

§ 9 Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any construction performance bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

AIA Document A312™ – 2010 Payment Bond. The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 10:07:45 on 04/30/2015 under Order No.6077465210_1 which expires on 02/26/2016, and is not for resale.
User Notes:                                                                                                                                    (911701315)

**EXHIBIT 4**

§ **10** The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for the payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligation to make payments to, or give notice on behalf of, Claimants or otherwise have any obligations to Claimants under this Bond.

§ **11** The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

§ **12** No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the state in which the project that is the subject of the Construction Contract is located or after the expiration of one year from the date (1) on which the Claimant sent a Claim to the Surety pursuant to Section 5.1.2 or 5.2, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

§ **13** Notice and Claims to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears. Actual receipt of notice or Claims, however accomplished, shall be sufficient compliance as of the date received.

§ **14** When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

§ **15** Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor and Owner shall promptly furnish a copy of this Bond or shall permit a copy to be made.

§ **16 Definitions**
§ **16.1 Claim.** A written statement by the Claimant including at a minimum:
    .1    the name of the Claimant;
    .2    the name of the person for whom the labor was done, or materials or equipment furnished;
    .3    a copy of the agreement or purchase order pursuant to which labor, materials or equipment was furnished for use in the performance of the Construction Contract;
    .4    a brief description of the labor, materials or equipment furnished;
    .5    the date on which the Claimant last performed labor or last furnished materials or equipment for use in the performance of the Construction Contract;
    .6    the total amount earned by the Claimant for labor, materials or equipment furnished as of the date of the Claim;
    .7    the total amount of previous payments received by the Claimant; and
    .8    the total amount due and unpaid to the Claimant for labor, materials or equipment furnished as of the date of the Claim.

§ **16.2 Claimant.** An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Construction Contract. The term Claimant also includes any individual or entity that has rightfully asserted a claim under an applicable mechanic's lien or similar statute against the real property upon which the Project is located. The intent of this Bond shall be to include within the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

§ **16.3 Construction Contract.** The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and all changes made to the agreement and the Contract Documents.

**AIA Document A312™ – 2010 Payment Bond. The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law.** This document was produced by AIA software at 10:07:45 on 04/30/2015 under Order No.8077485210_1 which expires on 02/28/2016, and is not for resale.
User Notes: (911701315)

Init.

/

# EXHIBIT 4

§ **16.4 Owner Default.** Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

§ **16.5 Contract Documents.** All the documents that comprise the agreement between the Owner and Contractor.

§ **17** If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

§ **18** Modifications to this bond are as follows:

'SEE ATTACHED RIDER'

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

| **CONTRACTOR AS PRINCIPAL** | | **SURETY** | |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| | | | |
| Signature: | | Signature: | |
| Name and Title: | | Name and Title: | |
| Address: | | Address: | |

AIA Document A312™ – 2010 Payment Bond. The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 10:07:45 on 04/30/2015 under Order No.8077485210_1 which expires on 02/26/2016, and is not for resale.
User Notes:                                                                                                                          (911701315)

4

**EXHIBIT 4**

## ADDITIONAL OBLIGEE RIDER TO
## PERFORMANCE AND PAYMENT BOND

TO BE ATTACHED TO and made a part of <u>Performance</u> and <u>Payment</u> Bond, Number <u>30BCSHV0877</u> issued by <u>Hartford Fire Insurance Company</u>, a <u>Connecticut</u> Corporation, as Surety, on the <u>24th</u> day of <u>April</u>, <u>2018</u> on behalf of <u>EllisDale Construction, LLC</u>, as Principal and in favor of <u>HELP Washington DC LP c/o H.E.L.P. Development Corp.</u>, as Obligee.

WHEREAS, upon the written request of the Principal and Obligee the attached bond is hereby amended as follows:

1. The Names of <u>TD Bank, N.A., Its Successors and/or Assigns; District of Columbia, acting by and through the Department of Housing and Community Development, its successors and assigns; District of Columbia Housing Finance Agency, its successors and assigns; National Equity Fund, Inc. and NEF Assignment Corporation as Nominee ISAOA and beneficiaries</u> shall be added to said bond as named Obligees.

2. Notwithstanding any provisions herein to the contrary, there shall be no liability on the part of the Principal or Surety under this bond to the Obligees, or any of them, unless the Obligees, or any of them, shall make payments to the Principal, or to the Surety in case it arranges for completion of the Contract upon default of the Principal, strictly in accordance with the terms of said Contract as to payments, and shall perform all the other obligations required to be performed under said Contract at the time and in the manner therein set forth.

In no event shall the Surety be liable in the aggregate to all Obligees for more than the penal sum of this bond, nor shall the Surety be liable, except for a single payment, for each single breach or default.  The Surety shall issue any payment due by check to TD Bank, N.A. unless it receives written instructions to the contrary signed by all Obligees.

WHEREAS, it is further understood and agreed that nothing herein contained shall be held to change, alter or vary the terms of the above described bond(s) except as hereinbefore set forth.

SIGNED, Sealed and dated this <u>24th day of April, 2018</u>.

ATTEST OR WITNESS:

EllisDale Construction, LLC (SEAL)
Principal

By:

Hartford Fire Insurance Company (SEAL)
Surety

By:
Joshua B. Hauserman, Attorney-in-Fact

**EXHIBIT 4**

# POWER OF ATTORNEY

Direct Inquiries/Claims to:
**THE HARTFORD**
BOND, T-12
One Hartford Plaza
Hartford, Connecticut 06155
Bond.Claims@thehartford.com
*call:* 888-266-3488 *or fax:* 860-757-5835

**KNOW ALL PERSONS BY THESE PRESENTS THAT:**

Agency Name: HMS INSURANCE ASSOCIATES INC
Agency Code: 30-720307

| | |
|---|---|
| X | **Hartford Fire Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| X | **Hartford Casualty Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| X | **Hartford Accident and Indemnity Company**, a corporation duly organized under the laws of the State of Connecticut |
| | **Hartford Underwriters Insurance Company**, a corporation duly organized under the laws of the State of Connecticut |
| | **Twin City Fire Insurance Company**, a corporation duly organized under the laws of the State of Indiana |
| | **Hartford Insurance Company of Illinois**, a corporation duly organized under the laws of the State of Illinois |
| | **Hartford Insurance Company of the Midwest**, a corporation duly organized under the laws of the State of Indiana |
| | **Hartford Insurance Company of the Southeast**, a corporation duly organized under the laws of the State of Florida |

having their home office in Hartford, Connecticut, (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint,
***up to the amount of*** Unlimited :

Craig Bancroft, Gary L. Berger, Shari Bowers, William Francik, Joshua B. Hauserman, Jonathan Kibler, Stephen M. Mutscheller, R Nelson Oster, Matthew Rankin, Robert F. White of HUNT VALLEY, Maryland

their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety(ies) only as delineated above by ☒, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

   **In Witness Whereof**, and as authorized by a Resolution of the Board of Directors of the Companies on May 6, 2015 the Companies have caused these presents to be signed by its Senior Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary.  Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney.



John Gray, Assistant Secretary

M. Ross Fisher, Senior Vice President

**STATE OF CONNECTICUT**
}  ss.   Hartford
**COUNTY OF HARTFORD**

   On this 11th day of January, 2016, before me personally came M. Ross Fisher, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Hartford, State of Connecticut; that he is the Senior Vice President of the Companies, the corporations described in and which executed the above instrument; that he knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that he signed his name thereto by like authority.

Nora M. Stranko
Notary Public
My Commission Expires March 31, 2018

**CERTIFICATE**

   I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of April 24th, 2018.
   Signed and sealed at the City of Hartford.



Kevin Heckman, Assistant Vice President

POA 2016