**CARLTON FIELDS**

ATTORNEYS AT LAW
1025 Thomas Jefferson Street, NW | Suite 400 West
Washington, DC  20007-5208
202.965.8100 | fax 202.965.8104
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
Tampa
**Washington, DC**
West Palm Beach

June 16, 2021

*Via Hand Delivery and Email*

Smith & Sons, LLC
c/o Michael A. Smith, President/CEO
1801 Clydesdale Place
Suite 710
Washington, DC 20009
msmith@smithandsonsllc.com

*Via Hand Delivery and Email*

Smith & Sons, LLC
c/o Michael A. Smith, Registered Agent
1801 Clydesdale Place
Suite 710
Washington, DC 20009
msmith@smithandsonsllc.com

*Via First-Class Mail*

The Ohio Casualty Insurance Company
62 Maple Avenue
Keene, NH 03431

*Via Hand Delivery*

The Ohio Casualty Insurance Company
c/o Corporation Service Company
1090 Vermont Avenue NW
Suite 430
Washington, DC 20005

Re: HELP Water Reed Apartments 14S Project and Abrams Hall Seniors 14M Project
*Corado's Services, LLC v. Hartford Fire Insurance Company, et al.* (United States District Court for the District of Columbia, Case No. 1:20-cv-03673-RDM)
Ohio Casualty Insurance Company Bond No. 017235007

Dear Sir or Madam:

I write on behalf of Ellisdale Construction, LLC ("Ellisdale") and its surety, Hartford Fire Insurance Company ("Hartford"). Carlton Fields represents both Ellisdale and Hartford with respect to the matters discussed in this letter.

On the construction projects commonly known as HELP Water Reed Apartments 14S Project (the "14S Project") and the Abrams Hall Seniors 14M Projects (the "14M Project"), Ellisdale, as general contractor, and Smith & Sons, LLC's ("Smith & Sons"), as subcontractor, entered into subcontracts. Corado's Services LLC ("Corado") alleges that with respect to the 14M Project and 14S Project, Smith & Sons entered into sub-subcontracts with Corado and further alleges that Smith & Sons has not paid Corado all sums due on those two projects.

Carlton Fields, P.A.

Carlton Fields, P.A. practices law in California through Carlton Fields, LLP.

<b>EXHIBIT 6</b>

The Ohio Casualty Insurance Company ("Ohio Casualty"), as surety, and Smith & Sons, as principal, issued a payment bond (Bond No. 017235007) for the 14M Project. Corado alleges that Ohio Casualty, as surety, and Smith & Sons, as principal also issued a payment bond for the 14S Project.

Corado served Hartford, Ellisdale's payment-bond surety on the 14M Project and 14S Project, with the enclosed complaint, alleging, among other things, that Corado is due money on the 14M Project and 14S Project. Hartford must file its responsive pleading by June 28, 2021.

### Ellisdale's Demand under the Ellisdale-Smith & Sons Subcontracts

In addition to any prior notices and demands by Ellisdale, this letter serves as Ellisdale's demand upon Smith & Sons, under the parties' subcontracts, for Smith & Sons to indemnify, defend, protect, and hold harmless Ellisdale and Hartford from and against Corado's claims and the costs, expenses (including legal fees and disbursements), damages, and liabilities arising out of or related to Corado's claims.

Further, in accordance with § 9.6 of the parties' subcontracts, Ellisdale demands that Smith & Sons, within five days of receipt of this letter, provide Ellisdale proof that Corado's claims relating to the 14S Project and the 14M Project have been fully satisfied, dismissed, and discharged.

### Ellisdale's Demand under the Payment Bond

In addition to any prior notices and demands—including Ellisdale's December 17, 2019 written demand (by Jane Imperatore, on Ellisdale's behalf)—this letter further serves as Ellisdale's notice to Smith & Sons and Ohio Casualty, under the payment bond issued by Ohio Casualty (Bond No. 017235007), of Corado's claims, demands, and suit against Ellisdale's surety, Hartford, in which Corado is seeking payment for labor, materials, or equipment furnished for use in the performance of its contract with Smith & Sons. Ellisdale hereby tenders its defense of such claims, demands, and suit to Smith and Sons and Ohio Casualty and demands that Smith & Sons and Ohio Casualty defend, indemnify, and hold harmless Ellisdale and Hartford against such claims, demands, and suit.

### Hartford's Demand to Ohio Casualty

Caselaw confirms that (1) when a sub-subcontractor (such as Corado) makes a claim on the bond of a general contractor (such as Ellisdale) and (2) the subcontractor (Smith & Sons) is responsible for the alleged non-payment to sub-subcontractor (Corado), the general contractor's surety is entitled to indemnification and defense from the subcontractor's surety.

Here, Ellisdale has fully paid all sums due Smith & Sons on both the 14S Project and the 14M Project, and if Corado is due payment, Smith & Sons is responsible.

**EXHIBIT 6**

Accordingly, Hartford hereby tenders its defense of Corado's claims, demands, and suit to Ohio Casualty and demands that Ohio Casualty defend, indemnify, and hold harmless Hartford against such claims, demands, and suit.

Your prompt written response to these matters is required.

Please contact me if you have any questions. Thank you.

                                        Sincerely,

                                        Carlton Fields

                                        By: _____
                                               Daniel K. Felsen

Enclosure

cc:   Ellisdale Construction, LLC
      Hartford Fire Insurance Company

# EXHIBIT 6

**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CORADO'S SERVICES, LLC** <br> 5433 55th Place <br> Apt. 201 <br> Riverdale, Maryland 20737 <br><br> Plaintiff, <br><br> v. <br><br> **HARTFORD FIRE INSURANCE COMPANY** <br> One Hartford Plaza <br> Hartford, Connecticut 06155-0001 <br><br> Serve: Corporation Service Company <br> 1090 Vermont Avenue, NW <br> Suite 430 <br> Washington, D.C. 20005 <br><br> and <br><br> **THE OHIO CASUALTY INSURANCE COMPANY** <br> 62 Maple Avenue <br> Keene, New Hampshire 03431 <br><br> Serve: Corporation Service Company <br> 1090 Vermont Avenue, NW <br> Suite 430 <br> Washington, D.C. 20005 <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **Case No.:** _____ |

## COMPLAINT

Plaintiff, Corado's Services, LLC, ("Corado's"), by and through its undersigned counsel, hereby sue Defendants, Hartford Fire Insurance Company ("Hartford"), and The Ohio Casualty Insurance Company ("Ohio Casualty"), and allege as follows:

# EXHIBIT 6

## PARTIES

1. Corado's is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business in Maryland. The sole member of Corado's is Samuel Gonzales, who is a resident of the State of Maryland.

2. Hartford is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. Hartford is a commercial surety company that issues, among other things, payment and performance bonds on construction projects. Upon information and belief, Hartford is authorized to act as a surety in the District of Columbia.

3. Ohio Casualty is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in New Hampshire. Ohio Casualty is a commercial surety company that issues, among other things, payment and performance bonds on construction projects. Upon information and belief, Ohio Casualty is authorized to act as a surety in the District of Columbia.

## JURISDICTION

4. Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1332, as Plaintiff and all Defendants are diverse in citizenship and the matters in controversy, in the aggregate, exceeds $75,000.00.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, as Defendants are subject to the personal jurisdiction of this Court in that they maintain sufficient contacts with the District of Columbia. Moreover, all of the underlying construction projects from which this action arises are located within the District of Columbia, and some of the payment bonds at issue herein maintain exclusive venue provisions within the jurisdiction where the underlying

# EXHIBIT 6

construction project is located, which is the District of Columbia.

## BACKGROUND FACTS

### I. *The 14S Project*

6. Counts I and III arise out of unpaid construction work performed on the project commonly known as the HELP Walter Reed Apartments, Building 14S, located at 1324 Main Drive NW, Washington, D.C. 20012 (the "14S Project"). Ellisdale Construction, LLC (hereinafter "Ellisdale") is the general contractor on the 14S Project. The HELP Washington D.C. LP c/o H.E.L.P. Development Corp. is the 14S Project's owner.

7. On or about April 24, 2018, Ellisdale, as principal, executed a payment bond with Hartford, as surety, to secure payment to all persons having furnished labor or material to the 14S Project in furtherance of the work of the aforesaid 14S Ellisdale contract (the "14S Payment Bond") (Bond No. 30BCSHV0877). Pursuant to the 14S Payment Bond terms, Hartford obligated itself to pay all such amounts due for labor and materials furnished to the 14S Project in the event Ellisdale refused, failed or was otherwise unable to pay.

8. Upon information and belief, Smith & Sons, LLC entered into a subcontract agreement with Ellisdale (the "14S Subcontract"), to perform certain work at the 14S Project.

9. Upon information and belief, Smith & Sons, as principal, executed a payment bond with Ohio Casualty, as surety, to secure Smith & Sons' payment obligations to its subcontractors on the 14S Project (the "14S/Smith & Sons Payment Bond"). Pursuant to the 14S/Smith & Sons Payment Bond terms, Ohio Casualty obligated itself to pay the amounts that Smith & Sons owes to its subcontractors on the 14S Project if Smith & Sons failed, refused or was otherwise unable to pay.

**EXHIBIT 6**

10. Corado's entered into a subcontract agreement with Smith & Sons (the "14S Sub-Subcontract"), to perform certain work at the 14S Project.

11. Corado's furnished, *inter alia*, water line installation services, bioretention ponds construction and installation services, manhole installation services, and related services and equipment at the 14S Project, at the direction of Smith & Sons.

12. Corado's rendered labor, materials and/or equipment to the 14S Project in good faith and in a good and workmanlike manner.

13. As of the filing of this Complaint, Corado's is owed the unpaid sum of $35,934.80 for labor and materials furnished to the 14S Project.

II. *The 14M Project*

14. Counts II and IV arise out of unpaid construction work performed on a project commonly known as the Abrams Hall Senior Apartments, Building 14M, located at 1322 Main Drive NW, Washington, D.C. 20024 (the "14M Project"). Ellisdale is the general contractor on the 14M Project. The Abrams Hall Senior LP c/o Urban Atlantic is the 14M Project's owner.

15. On or about June 14, 2018, Ellisdale, as principal, executed a payment bond with Hartford, as surety, to secure payment to all persons having furnished labor or material to the 14M Project in furtherance of the work of the aforesaid Ellisdale 14M contract (the "14M Payment Bond") (Bond No. 30BCSHV0879). Pursuant to the 14M Payment Bond terms, Hartford obligated itself to pay all such amounts due for labor and materials furnished to the 14M Project in the event Ellisdale refused, failed or was otherwise unable to pay.

16. On or about July 12, 2018, Smith and Sons entered into a subcontract agreement with Ellisdale (the "14M Subcontract"), to perform certain work at the 14M Project.

4

**EXHIBIT 6**

17. On or about January 21, 2019, Smith & Sons, as principal, executed a payment bond with Ohio Casualty, as surety, to secure Smith & Sons' payment obligations to its subcontractors on the 14M Project (the "14M/Smith & Sons Payment Bond") (Bond No. 017235007). Pursuant to the 14M/Smith & Sons Payment Bond terms, Ohio Casualty obligated itself to pay the amounts that Smith & Sons owes to its subcontractors on the 14M Project if Smith & Sons failed, refused or was otherwise unable to pay.

18. Corado's entered into a subcontract agreement with Smith & Sons (the "14M Sub-Subcontract"), to perform certain work at the 14M Project.

19. Corado's furnished, *inter alia*, water line installation services, bioretention ponds construction and installation services, manhole installation services, and related services and equipment at the 14M Project, at the direction of Smith & Sons.

20. Corado's rendered labor, materials and/or equipment to the 14M Project in good faith and in a good and workmanlike manner.

21. As of the filing of this Complaint, Corado's is owed the unpaid sum of $64,472.32 for labor and materials furnished to the 14M Project.

**III.** *The Fort Stevens Project*

22. Count V arises out of unpaid construction work performed on a project commonly known as the Fort Stevens Place Apartments, located at 1339 Fort Stevens Drive NW, Washington D.C. 20011 (the "Ft. Stevens Project"). Harkins Builders, Inc. (hereinafter "Harkins") is the general contractor on the Ft. Stevens Project. The Ft. Stevens Place, LLC c/o CPDC is the Ft. Stevens Project's owner.

23. On or about September 29, 2017, Harkins, as principal, executed a payment bond with Federal, as surety, to secure Harkins' payment obligations to its subcontractors on the Ft.

5

Stevens Project (the "Ft. Stevens Payment Bond") (Bond No. 8245-29-54). Pursuant to the Ft. Stevens Payment Bond terms, Federal obligated itself to pay the amounts that Harkins owes to its subcontractors on the Ft. Stevens Project if Harkins refuses or is unable to pay.

24. On or about October 23, 2017, Smith & Sons entered into a subcontract agreement with Harkins (the "Ft. Stevens Subcontract"), to perform certain work at the Ft. Stevens Project.

25. On or about January 22, 2018, Smith & Sons, as principal, executed a payment bond with Ohio Casualty, as surety, to secure Smith & Sons' payment obligations to its subcontractors on the Ft. Stevens Project (the "Ft. Stevens/Smith & Sons Payment Bond") (Bond No. 017176577). Pursuant to the Ft. Stevens/Smith & Sons Payment Bond terms, Ohio Casualty obligated itself to pay the amounts that Smith & Sons owes to its subcontractors on the Ft. Stevens Project if Smith & Sons failed, refused or was unable to pay.

26. Corado's entered into a subcontract agreement with Smith & Sons (the "Ft. Stevens Sub-Subcontract"), to perform certain work at the Ft. Stevens Project.

27. Corado's rendered labor, materials and/or equipment to the Ft. Stevens Project in good faith and in a good and workmanlike manner.

28. As of the filing of this Complaint, Corado's is owed the unpaid sum of $16,466.40 for labor and materials furnished to the Ft. Stevens Project.

IV. *The Milestone Project*

29. Count VI arises out of unpaid construction work performed on a project commonly known as the Milestone Senior Housing Apartments, located at 2501 N St. SE Washington, D.C. 20019 (the "Milestone Project"). Marriottsville Construction, LLC is the general contractor on the Milestone Project. Upon information and belief, Milestone Senior Owner, LLC is the Milestone Project's owner.

# EXHIBIT 6

30. Upon information and belief, Smith & Sons entered into a subcontract agreement with Marriottsville Construction, LLC (the "Milestone Subcontract") to perform certain work at the Milestone Project.

31. Upon information and belief, Smith & Sons, as principal, executed a payment bond with Ohio Casualty, as surety, to secure Smith & Sons' payment obligations to its subcontractors on the Milestone Project (the "Milestone/Smith & Sons Payment Bond") (Bond No. 017170801). Pursuant to the Milestone/Smith & Sons Payment Bond terms, Ohio Casualty obligated itself to pay the amounts that Smith & Sons owes to its subcontractors on the Milestone Project if Smith & Sons failed, refused or was unable to pay.

32. Corado's entered into a subcontract agreement with Smith & Sons (the "Milestone Sub-Subcontract"), to perform certain work at the Milestone Project.

33. Corado's rendered labor, materials and/or equipment to the Milestone Project in good faith and in a good and workmanlike manner.

34. As of the filing of this Complaint, Corado's is owed the unpaid sum of $28,000.00 for labor and materials furnished to the Milestone Project.

## COUNT I
(*Action on 14S Payment Bond Against Hartford*)

35. Corado's incorporates the allegations of the foregoing Paragraphs as though set forth fully herein.

36. Hartford, as surety, executed the 14S Payment Bond for the protection of unpaid subcontractors providing labor, materials and/or equipment on the 14S Project, including Corado's.

37. Corado's is a proper claimant under the 14S Payment Bond and is entitled to its benefits.

# EXHIBIT 6

38. Under the terms of the 14S Payment Bond, Hartford is liable to Corado's for unpaid monies due and owing to Corado's in connection with the 14S Project.

39. To date, Ellisdale has failed and refused to pay Corado's the sum of $35,934.80 due and owing to Corado's on the 14S Project, thereby triggering Hartford's liability under the terms of the 14S Payment Bond.

40. All conditions precedent to bringing a claim on the 14S Payment Bond have been satisfied.

**WHEREFORE**, Plaintiff, Corado's Services, LLC, demands judgment against Defendant, Hartford Fire Insurance Company, in the amount of $35,934.80[1], plus fees, costs, interest, and such other relief as the Court deems proper.

## COUNT II
(*Action on 14M Payment Bond Against Hartford*)

41. Corado's incorporates the allegations of the foregoing Paragraphs as though set forth fully herein.

42. Ellisdale, as principal, and Hartford, as surety, executed the 14M Payment Bond for the protection of unpaid subcontractors providing labor, materials and/or equipment on the 14M Project, including Corado's.

43. Corado's is a proper claimant under the 14M Payment Bond and is entitled to its benefits.

44. Under the terms of the 14M Payment Bond, Hartford is liable to Corado's for unpaid monies due and owing to Corado's in connection with the 14M Project.

---

[1] Counts I-II, in the aggregate, amount to $100,407.12, above the minimum threshold for diversity jurisdiction against Hartford.

**EXHIBIT 6**

45. To date, Ellisdale has failed and refused to pay Corado's the sum of $64,472.32 due and owing to Corado's on the 14M Project, thereby triggering Hartford's liability under the terms of the 14M Payment Bond.

46. All conditions precedent to bringing a claim on the 14M Payment Bond have been satisfied.

**WHEREFORE**, Plaintiff, Corado's Services, LLC, demands judgment against Defendant, Hartford Fire Insurance Company, in the amount of $64,472.32, plus fees, costs, interest, and such other relief as the Court deems proper.

### COUNT III
(*Action on 14S/Smith & Sons Payment Bond Against Ohio Casualty*)

47. Corado's incorporates the allegations of the foregoing Paragraphs as though set forth fully herein.

48. Upon information and belief, Smith & Sons, as principal, and Ohio Casualty, as surety, executed the 14S/Smith & Sons Payment Bond for the protection of unpaid subcontractors providing labor, materials and/or equipment on the 14S Project, including Corado's.

49. Corado's is a proper claimant under the 14S/Smith & Sons Payment Bond and is entitled to its benefits.

50. Under the terms of the 14S/Smith & Sons Payment Bond, Smith & Sons and Ohio Casualty are liable to Corado's for unpaid monies due and owing to Corado's in connection with the 14S Project.

51. To date, Smith & Sons has failed and refused to pay Corado's the sum of $$35,934.80 due and owing to Corado's on the 14S Project, thereby triggering Ohio Casualty's liability under the terms of the 14S/Smith & Sons Payment Bond.

9

52. All conditions precedent to bringing a claim on the 14S/Smith & Sons Payment Bond have been satisfied.

**WHEREFORE**, Plaintiff, Corado's Services, LLC, demands judgment against Defendant, The Ohio Casualty Insurance Company, in the amount of $35,934.80[2], plus fees, costs, interest, and such other relief as the Court deems proper.

**COUNT IV**
(*Action on 14M/Smith & Sons Payment Bond Against Ohio Casualty*)

53. Corado's incorporates the allegations of the foregoing Paragraphs as though set forth fully herein.

54. Smith & Sons, as principal, and Ohio Casualty, as surety, executed the 14M/Smith & Sons Payment Bond for the protection of unpaid subcontractors providing labor, materials and/or equipment on the 14M Project, including Corado's.

55. Corado's is a proper claimant under the 14M/Smith & Sons Payment Bond and is entitled to its benefits.

56. Under the terms of the 14M/Smith & Sons Payment Bond, Smith & Sons and Ohio Casualty are liable to Corado's for unpaid monies due and owing to Corado's in connection with the 14M Project.

57. To date, Smith & Sons has failed and refused to pay Corado's the sum of $64,472.32 due and owing to Corado's on the 14M Project, thereby triggering Ohio Casualty's liability under the terms of the 14M/Smith & Sons Payment Bond.

---

[2] Counts III-VI, in the aggregate, amount to $144,873.52, above the minimum threshold for diversity jurisdiction against Ohio Casualty.

# EXHIBIT 6

58.     All conditions precedent to bringing a claim on the 14M/Smith & Sons Payment Bond have been satisfied.

**WHEREFORE**, Plaintiff, Corado's Services, LLC, demands judgment against Defendant, The Ohio Casualty Insurance Company, in the amount of $64,472.32, plus fees, costs, interest, and such other relief as the Court deems proper.

## COUNT V
*(Action on Ft. Stevens/Smith & Sons Payment Bond Against Ohio Casualty)*

59.     Corado's incorporates the allegations of the foregoing Paragraphs as though set forth fully herein.

60.     Smith & Sons, as principal, and Ohio Casualty, as surety, executed the Ft. Stevens/Smith & Sons Payment Bond for the protection of unpaid subcontractors providing labor, materials and/or equipment on the Ft. Stevens Project, including Corado's.

61.     Corado's is a proper claimant under the Ft. Stevens/Smith & Sons Payment Bond and is entitled to its benefits.

62.     Under the terms of the Ft. Stevens/Smith & Sons Payment Bond, Smith & Sons and Ohio Casualty are liable to Corado's for unpaid monies due and owing to Corado's in connection with the Ft. Stevens Project.

63.     To date, Smith & Sons has failed and refused to pay Corado's the sum of $16,466.40 due and owing to Corado's on the Ft. Stevens Project, thereby triggering Ohio Casualty's liability under the terms of the Ft. Stevens/Smith & Sons Payment Bond.

64.     All conditions precedent to bringing a claim on the Ft. Stevens/Smith & Sons Payment Bond have been satisfied.

11

WHEREFORE, Plaintiff, Corado's Services, LLC, demands judgment against Defendant, The Ohio Casualty Insurance Company, in the amount of $16,466.40, plus fees, costs, interest, and such other relief as the Court deems proper.

### COUNT VI
*(Action on Milestone/Smith & Sons Payment Bond Against Smith & Sons and Ohio Casualty)*

65. Corado's incorporates the allegations of the foregoing Paragraphs as though set forth fully herein.

66. Smith & Sons, as principal, and Ohio Casualty, as surety, executed the Milestone/Smith & Sons Payment Bond for the protection of unpaid subcontractors providing labor, materials and/or equipment on the Milestone Project, including Corado's.

67. Corado's is a proper claimant under the Milestone/Smith & Sons Payment Bond and is entitled to its benefits.

68. Under the terms of the Milestone/Smith & Sons Payment Bond, Smith & Sons and Ohio Casualty are liable to Corado's for unpaid monies due and owing to Corado's in connection with the Milestone Project.

69. To date, Smith & Sons has failed and refused to pay Corado's the sum of $28,000.00 due and owing to Corado's on the Milestone Project, thereby triggering Ohio Casualty's collective liability under the terms of the Milestone/Smith & Sons Payment Bond.

70. All conditions precedent to bringing a claim on the Milestone/Smith & Sons Payment Bond have been satisfied.

WHEREFORE, Plaintiff, Corado's Services, LLC, demands judgment against Defendant, The Ohio Casualty Insurance Company, in the amount of $28,000.00, plus fees, costs, interest, and such other relief as the Court deems proper.

# EXHIBIT 6

Respectfully submitted,

**KATZ LAW**

BY: */s/ Joseph L. Katz*
Joseph L. Katz  MD# 28029
6701 Democracy Boulevard, Suite 300
Bethesda, Maryland  20817
(410) 499-2615
joe@joekatzlaw.com

**Attorneys for Plaintiff
Corado's Services, LLC**

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all counts.

Respectfully submitted,

**KATZ LAW**

BY: */s/ Joseph L. Katz*
Joseph L. Katz  MD# 28029

13

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Corado's Services, LLC

### DEFENDANTS
Hartford Fire Insurance Company
The Ohio Casualty Insurance Company

**(b)** County of Residence of First Listed Plaintiff: Prince George's
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph L. Katz, KATZ LAW, 6701 Democracy Blvd., #300, Bethesda, MD 20817 (410) 499-2615

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
breach of payment bond

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/15/20

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joseph L. Katz

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# EXHIBIT 6
## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.